IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD D. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 12-1105-GMS |
| | ) |
| DAVID HENDERSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

The plaintiff, Richard D. Taylor ("Taylor"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, appears *pro se*. Before the court is the defendant's motion to dismiss, and Taylor's motion for leave to amend and for pretrial and discovery conferences. (D.I. 7, 10, 13, 14.)

### I. BACKGROUND

Taylor filed his complaint raising a claim pursuant to 42 U.S.C. § 1983 alleging that he was improperly denied parole. He seeks injunctive relief. The defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In turn, Taylor filed a motion to amend to cure his pleading defects. (D.I. 10.) Taylor also moves for pretrial and discovery conferences. (D.I. 13, 14.)

### II. MOTION TO DISMISS

To survive a motion to dismiss, a plaintiff's complaint must state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 552 U.S. at 678. A simple recitation of the elements of a claim, accompanied by conclusory statements of law, will not suffice. *Id.* (citing *Twombly*, 550

U.S. at 555). When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The defendant's motion to dismiss contains matters outside the pleadings that, at this juncture, the court does not consider. *See* Fed. R. Civ. P. 12(d). Moreover, Taylor seeks leave to amend and in his opposition to the motion to dismiss provides a potentially plausible claim for relief. Taylor proceeds *pro se*, and further, the Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Accordingly, the court will deny the defendant's motion to dismiss without prejudice to renew, and will grant Taylor leave to amend.

### III.  CONFERENCES

The court will deny Taylor's motion for pretrial conference and/or scheduling management order pursuant to Fed. R. Civ. P. 16 (D.I. 13) and motion for discovery conference pursuant to Fed. R. Civ. P. 26(f) (D.I. 14.). Pursuant to the local rules of this court, the scheduling conference and order requirements of Fed. R. Civ. P. 16(b) and 26(f) are exempt in actions in which one of the parties appears *pro se*. *See* D. Del. LR 16.2. Taylor proceeds *pro se*.

## IV. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

1. The defendants' motion to dismiss is **denied** without prejudice to renew (D.I. 7.)

2. The plaintiff's motion to amend is **granted**. (D.I. 10.) An amended complaint shall be filed within **thirty (30) days** from the date of this order. If an amended complaint is not filed within that time-frame, the matter may be dismissed for failure to prosecute the case.

3. The plaintiff's motion for pretrial conference and/or scheduling management order pursuant to Fed. R. Civ. P. 16 is **denied**. (D.I. 13.)

4. The plaintiff's motion for discovery conference pursuant to Fed. R. Civ. P. 26(f) is **denied**. (D.I. 14.)

March 24, 2014

CHIEF, UNITED STATES DISTRICT JUDGE