IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD D. TAYLOR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID HENDERSON, WILLIAM C. PFEIFER, ) <br> JOYCE BEMBRY, LEEANN BULLOCK, ) <br> GREGORY GARCIA, and JAMES T. JUSTICE ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 12-1105 GMS |

## MEMORANDUM

**I.  INTRODUCTION**

The plaintiff, Richard Taylor ("Taylor"), filed this action against Delaware Board of Parole Chairman David Henderson,[1] and Board of Parole members William C. Pfeifer, Joyce Bembry, Leeann Bullock, Gregory Garcia, and James T. Justice (collectively, "the defendants"). (D.I. 16.) Taylor alleges that the Delaware Board of Parole ("Board") "failed to perform an individualized assessment" of why he poses a threat to the community and that the Board wrongfully denied Taylor's parole based on the serious nature of his underlying offense. (D.I. 16 at ¶ 6.) Taylor seeks injunctive relief and appears *pro se*.[2]

---

[1] On January 21, 2015, Taylor filed a Motion to Amend his Complaint with a Second Amended Complaint attached, naming the remaining members of the Delaware Board of Parole as additional defendants. (D.I. 26) These additional defendants include William C. Pfeifer, Joyce Bembry, Leeann Bullock, Gregory Garcia, and James T. Justice. (*Id.*) The court will incorporate the arguments found within Taylor's Second Amended Complaint for purposes of this Order.

[2] The court construes the relief sought to include disallowing the Board from considering the "serious nature" of the underlying offense when determining Taylor's eligibility for parole. Taylor asks the court to require

Presently before the court is the defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 17.) For the reasons set forth below, the court will grant the defendants' motion.

## II. JURISDICTION

Though not explicitly stated, the court understands Taylor to be raising claims under 42 U.S.C. § 1983 for disability discrimination in violation of the Americans with Disabilities Act ("ADA"). Taylor also alleges that his Due Process rights have been violated by the Board's failure to assess his parole application in good faith and the Board's arbitrary and capricious denial of Taylor's parole application.[3] Jurisdiction over these claims is proper under 28 U.S.C. § 1331.

## III. BACKGROUND

In deciding a motion to dismiss, the court generally considers only the allegations contained in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A review of these sources reveals the differing views of the parties that inform their dispute.

Taylor was convicted of rape in the first degree and kidnapping in the first degree in 1971. (D.I. 1 at 3.) He was sentenced to two life sentences to run concurrently. (*Id.*) As a result of good behavior in prison, Taylor was awarded good time credits by the Department of

---

the Board to consider only his past parole violation(s) in determining whether he can again be paroled and claims that those violations are related to a disability—Post Traumatic Stress Disorder ("PTSD")—from which he suffers and requires treatment. Additionally, it appears that Taylor requests the Board be forced to provide Taylor treatment for substance abuse and PTSD.

[3] In Taylor's Second Amended Complaint, he included a Due Process claim for the first time. (*See* D.I. 26-1.) The original Complaint and the First Amended Complaint stated no violation of a Constitutional right, instead referring to the claim as a failure to "assess my application in good faith" and alleging an improper denial of parole. (*See* D.I. 1; D.I. 16.)

2

Correction, which advanced the date on which he became eligible for parole. (D.I. 18 at 2.) Taylor was granted parole in 1986. (*Id.*) On June 12, 2001, Taylor's parole was revoked after repeatedly violating its terms. (*Id.*) On April 11, 2003, he was again paroled, but returned to prison on August 31, 2004 after additional violations. (*Id.*) It is the denial of Taylor's two subsequent applications for parole that are the subject of this lawsuit. The first application was considered by the Board on March 26, 2008. (*Id.* at 3.) Taylor was notified of the Board's decision to deny his application and their reasoning for doing so in a letter dated March 26, 2008. (*Id.*) Taylor's next application for parole was considered by the Board in May, 2012, and was again rejected. (*Id.*) Taylor was notified of the Board's decision to deny his application and their reasoning for doing so in a letter dated May 16, 2012. (*Id.*)

Taylor alleges that the Board denied each of his parole applications based on the "Serious Nature of My Offense." (D.I. 1 at 3). Taylor claims that the Board did not properly assess his rehabilitation and prison behavior record, and therefore did not act in good faith during the review process. (*Id.*) He further claims that the Board has repeatedly failed to address his parole violations for substance abuse, which resulted in the revocation of his original parole. (*Id.*)

For their part, the defendants assert that the Board denied Taylor's March, 2008 parole request for multiple reasons, including the violent nature of the offense, victim impact, significant criminal history, prior failure of parole/probation, substance abuse history, and the fact that the Delaware Department of Corrections ("DOC") did not recommend that Taylor be paroled. (D.I. 18 at 2–3). In addition to the opposition of the Attorney General, the Board Members cite similar reasons for the denial of Taylor's May, 2012 parole request. (*Id.*)

3

## IV. STANDARD OF REVIEW

The pleadings of a *pro se* litigant are liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). As noted above, the court proceeds on the presumption that Taylor brings his claims pursuant to 42 U.S.C. § 1983 for disability discrimination under the ADA and an alleged violation of his Due Process rights for the alleged failure of the Board of Parole to act in good faith when considering his application for parole.

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failing to state a claim upon which relief may be granted. Dismissal is warranted where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

A well-pleaded complaint, however, must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court conducts a two-part analysis to determine whether dismissal is appropriate. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court accepts all well-pleaded facts as true but may disregard any legal conclusions. *Id.* at 210–11. The court notes, however, that where allegations "are no more than conclusions, [they] are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. After separating the legal and factual elements, the court asks whether the facts alleged are sufficient to demonstrate that the

4

plaintiff has a "plausible claim for relief." *Fowler*, 578 F.3d at 211. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## V. DISCUSSION

Taylor appears to raise the following claims: (1) due process violation for "Failure to Properly Consider Parole" under 42 U.S.C. § 1983; (2) disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12131; and (3) due process violation for "Arbitrary and Capricious Denial of Parole" under 42 U.S.C. § 1983. (D.I. 26 at 3–7). The court will discuss the defendants' contention that Taylor's claims are barred by the applicable statute of limitations.

### 1. Statute of Limitations

When determining the applicable statute of limitations for a § 1983 claim, the court looks to the statute of limitations in the state in which it resides. *Lake v. Arnold*, 232 F.3d 360, 368 (3d Cir. 2000). In Delaware, actions brought under § 1983 are characterized as personal injury actions and are subject to the state's two-year statute of limitations. *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). While state law determines the limitation period, federal law determines the date of accrual of a § 1983 action. *Id.* Under federal law, "the limitations period begins to run from the time when the plaintiff knows or has reason to know of the injury which is the basis of the [§] 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).

It is undisputed that Taylor was notified of the Board's decision to reject his petition for parole in its letter to him dated March 26, 2008. (*See* D.I. 18 at Ex. B.) As a result, the

defendants argue that the basis of Taylor's § 1983 claim accrued as of the date of that letter. (*Id.* at 6.) The defendants assert that at that time of its denial of his first parole petition, Taylor knew or had reason to know of the injury upon which he bases his § 1983 claim. (*Id.*) The court agrees. Thus, because Taylor knew or had reason to know of the injury claimed in his complaint following receipt of the March 26, 2008 letter denying his application for parole, the limitations period commenced at that time. It was not until after Taylor was again denied parole for the same reasons following a May 16, 2012 board decision, that he finally initiated this case on September 7, 2012. Taylor's § 1983 claims are thus barred by the two year statute of limitations.

Regarding Taylor's ADA claim, the statute of limitations applicable to claims under Title II of the ADA is prescribed by the statute of limitations for personal injury actions in the state in which the trial court sits. *See Disabled in Action of Pa. v. Se. Pa. Transp. Auth.*, 539 F.3d 199, 208 (3d Cir. 2008). Therefore, the statute of limitations for Taylor's discrimination claim under the ADA is also two years. For the reasons just discussed, Taylor's ADA discrimination claim is similarly barred.

Given this state of affairs, the court need not address the additional grounds advanced by the defendants in support of their motion.

## VI. CONCLUSION

For the reasons stated above, the court will grant the defendants' motion to dismiss.

Dated: January 30, 2015

_____
UNITED STATES DISTRICT JUDGE