IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD D. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1105-GMS |
| ) | |
| DELAWARE BOARD OF PAROLE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

### I. INTRODUCTION

Plaintiff Richard M. Taylor ("Taylor") sued the Delaware Board of Parole ("Board") for monetary damages, alleging violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA") (Count I) and Section 504 of the Rehabilitation Act of 1973, 29 U.S. C. § 701 *et seq.* ("Rehabilitation Act") (Count II).[1] (D.I. 56.) The court has jurisdiction pursuant to 28 U.S.C. § 1331.

Presently before the court is Defendant's Motion to Dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 59, 60.) For the reasons stated below, the court will grant the Board's motion to dismiss.

### II. BACKGROUND

Mr. Taylor was an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, until May 16, 2016, when he was released on parole. (D.I. 56 ¶ 3.) While

---

[1] Taylor's alleges discriminatory conduct by the Board, which has full authority to grant parole to offenders committed to the State of Delaware's prison system. (D.I. 56 ¶ 4.) Taylor claims that he was denied and excluded from the benefits of parole based on his Post Traumatic Stress Disorder ("PTSD") disability. (*Id.* at ¶ 40, 41.)

Taylor was incarcerated, the Department of Veterans Affairs ("VA") diagnosed him with Post Traumatic Stress Disorder ("PTSD") and PTSD-related substance abuse. (D.I. 56 ¶¶ 24-28.) Taylor alleges that he did not began receiving the necessary treatment for PTSD until he was released on parole. (*Id.* at ¶ 31-36.) Taylor alleges that the Board discriminated against him during his parole determination on the basis of his PTSD disability. (D.I. 56 ¶¶ 40, 41, 46, 47.)

The procedural posture of the case prior to Taylor's parole is relevant for this motion. On September 7, 2012, Taylor filed a Complaint, *pro se*, seeking injunctive relief naming David Henderson ("Henderson"), Delaware Board of Parole Chairman, as the defendant. (D.I. 1). On March 5, 2013, Henderson filed a Motion to Dismiss Taylor's Complaint under Rule of 12(b)(6) (D.I. 7.) On March 24, 2014, the court denied Henderson's Motion to Dismiss without prejudice to renew and granted Taylor leave to amend. (D.I. 15.) On April 16, 2014, Taylor filed an Amended Complaint (D.I. 16.) On May 16, 2014, Henderson filed a Motion to Dismiss. (D.I. 17.) In response, Taylor filed a Motion for Leave to Amend with a Second Amended Complaint attached, on January 21, 2015. (D.I. 26.) On January 30, 2015, the court granted Henderson's Motion to Dismiss, finding Taylor's claims barred on statute of limitations grounds, and addressed Taylor's proposed Second Amended Complaint which sought monetary damages. (D.I. 27, 28.) On appeal, the Third Circuit affirmed in part, vacated in part, and remanded for further proceedings.[2] (D.I. 36.)

---

[2] The Third Circuit held:

> [W]e will affirm the District Court's dismissal of Taylor's claim that the Board denied him due process by relying on the nature of his offense. We also will affirm the District Court's dismissal of Taylor's claims that the Board denied him due process and violated the ADA by relying on his prior substance abuse per se. We will vacate the denial of those claims to the extent that they challenge the Board's alleged reliance on this factor in light of the specific information that Taylor provided in the parole applications that the Board denied in 2012 and 2014, and we will remand those claims for further consideration. Because Taylor's motion for leave to further amend his complaint does

2

Taylor is now represented by counsel.[3] On November 21, 2016, Taylor filed a Third Amended Complaint. (D.I. 56.) The Third Amended Complaint substituted the Board for Henderson and seeks to hold the Board liable for monetary damages.

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

The Board argues that each of Taylor's two Counts should be dismissed for failure to state a claim under Rule 12(b)(6). The Board seeks dismissal of the Rehabilitation Act claim because

---

not appear futile to that extent and no longer is moot in light of our ruling, we will vacate the District Court's denial of that motion as well.

(D.I. 36-1 at 9-10.)

[3] Because Taylor is represented by counsel, his pleadings are construed according to the stringent requirements provided by the Federal Rules of Civil Procedure, rather than the liberal *pro se* pleadings standards.

3

the Board does not receive federal funding and Taylor has not alleged such facts. (D.I. 60 at 2.) In his Answering Brief in Opposition, Taylor withdrew Count II—the Rehabilitation Act claim—without prejudice to seek leave to add the claim if further investigation reveals the requisite funding. (D.I. 63 at 1 n.1.) As a result, the only claim remaining is Count I against the Board alleging violation of Title II of the ADA.

The Board asserts that the ADA claim is barred on the following grounds: (1) the Eleventh Amendment to the United States Constitution bars the ADA claim; (2) failure to plead a plausible disability discrimination claim; (3) the statute of limitations bars the damages claim and it does not relate back; (4) judicial estoppel bars the damages claim; (5) Taylor's claim for damages is barred as an impermissible collateral attack. The court will assess each argument in turn.

**A. Immunity**

The Supreme Court has held that Title II of the ADA validly abrogates sovereign immunity as to state conduct that actually violates the Constitution. *See U.S. v. Georgia*, 546 U.S. 151, 159 (2006). To determine whether a plaintiff may sue a State for damages under Title II, a Court must: "(1) identify which aspects of the State's alleged conduct violated Title II; (2) identify to what extent such conduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, determine whether Congress' purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Bowers v. National Collegiate Athletic Ass'n*, 475 F.3d 524, 553 (3d Cir. 2007). The court believes Judge Stark's analysis in *White v. Delaware Bd. of Parole*, No. 11-386-LPS, 2012 WL 2126920, at *1 (D. Del. June 8, 2012) is instructive. In *White*, Judge Stark, applying the three-part test, found that the Delaware Board of Parole was not entitled to sovereign immunity from a

4

lawsuit implicating the right of disabled inmate (with a history of drug abuse) to a fair parole process.

First, the Third Amended Complaint alleges that the Board violated Title II of the ADA when it denied Taylor parole on the basis of his PTSD disability (*i.e.,* substance abuse history). Turning to whether the Board violated the Fourteenth Amendment; although there is no constitutional right to parole, *see Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), there is a due process right in being treated fairly during the parole process, and Taylor has alleged a violation of that right. *See Mickens-Thomas v. Vaughn*, 321 F.3d 374, 393 (3d Cir. 2002). Finally here, as in *White*, Taylor seeks redress through Title II for what he contends was the Board's improper reliance on his PTSD-connected substance abuse in denying him parole. As did the court in *White*, here, the court concludes that providing this avenue to relief constitutes a valid exercise of Congress' authority to enforce the constitutional right at issue. Accordingly, Eleventh Amendment immunity does not bar Taylor's ADA claim against the Board.

### B. ADA

The Board next argues that Taylor has failed to plead a plausible claim of disability discrimination. (D.I. 60 at 10.) The Board contends that the Complaint is devoid of specific facts to make a *prima facie* showing of any element of disability discrimination. (*Id.*) Specifically, the Board argues, relying on *Thompson v. Davis*, 295 F.3d 890, 898 n.4 (9th Cir. 2002), *cert denied*, 539 U.S. 921 (2013), that Taylor has not plead any facts to show that he was a "qualified individual with a disability" under the ADA. (*Id.*; D.I. 64 at 1.) The Board further asserts that Taylor has failed to plead that he has a disability under the ADA, contending there are insufficient facts from which the court can plausibly infer that "PTSD in full remission" substantially limited one or more of his major life activities at the time of his hearings in 2012 and 2014. (*Id.* at 11.) Finally, the

5

Board argues that Taylor has not sufficiently pled denied denial of parole on the basis of his disability, because the 2012 and 2014 decisions each delineate multiple reasons the Board chose to deny Taylor parole. (*Id.* at 11-12.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a *prima facie* claim under Title II of the ADA, a plaintiff must show that he: (1) is a person with a disability as defined by statute; (2) is otherwise qualified for the benefit in question; and (3) was excluded from the benefit due to discrimination based upon disability. *See* 42 U.S.C. § 12131 *et seq.*

It would appear that Taylor's claims regarding his PTSD and PTSD-related substance abuse history bring him within the definition of an individual with a disability. The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Taylor's pleadings demonstrate that Taylor suffers from "PTSD with cocaine and alcohol dependence secondary to PTSD in full remission." (D.I. 56 ¶ 28.) In addition, the documentation from the VA supports a plausible inference that the disability substantially limits one or more of Taylor's major life activities. (D.I. 56-1, Ex. 5.) The Board cites no authority suggesting that PTSD or PTSD in full remission is not a cognizable disability under the ADA. In the context of a motion to dismiss, the court believes it appropriate to adopt a definition of disability that favors broad coverage of individuals such as Taylor. Thus, the court finds that the Third Amended Complaint adequately alleges a basis for finding that Taylor has a disability within the scope of the ADA.

The court must next determine whether Taylor has pled enough facts to show that he was otherwise qualified for parole. Title II of the ADA only prohibits discrimination against qualified individuals with disabilities: the statute defines a qualified individual with a disability as a person who "meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

The Third Amended Complaint alleges that "Mr. Taylor is a 'qualified individual with a disability' as defined in 42 U.S.C. § 12131(2)." (D.I. 56 ¶ 39.) The Board correctly points out that this conclusory allegation is insufficient. The Ninth Circuit held that a plaintiff has not made a showing that he is a "qualified individual with a disability" where a parole board has considered many factors in the parole determination. *Thompson*, 295 F.3d 890, 898 n.4. Here, other than his conclusory statement, Taylor has not shown he was an otherwise qualified individual (*i.e.*, entitled to parole) at the time of the parole determinations. The Third Amended Complaint is void of any factual averments that would demonstrate why Taylor was otherwise qualified for parole. Rather, the 2012 and 2014 Board decisions, attached as Exhibits to the Third Amended Complaint, suggest that Taylor received an individualized assessment of his circumstances. That is, in denying parole, the Board considered several factors which it concluded militated against granting parole: violent nature of his offense, significant criminal history, and Attorney General Opposition, among other factors. (D.I. 56-1, Ex. 3-4.) The court will not inject itself into the Board's decision-making process. Because Taylor has failed to plausibly allege that he was otherwise qualified for parole, his complaint cannot stand.

That said, the court will consider whether Taylor has made a *prima facie* showing that the alleged discrimination was based upon Taylor's disability. Taylor alleges discrimination based on disability due to the following actions:

7

a. Mr. Taylor was denied and excluded from the benefits of parole based on his PTSD disability, including by Defendant's continued consideration of Mr. Taylor's substance abuse history in denying parole when Mr. Taylor's substance abuse history was directly connected to his PTSD disability.
   b. Mr. Taylor was denied and excluded from the benefits of parole based on his PTSD disability, including because the Board of Parole required Mr. Taylor to receive medical treatment for his PTSD-connected substance abuse history to be eligible for parole that was not available to Mr. Taylor while he was incarcerated at the JTVCC.

(D.I. 56 ¶¶ 40, 41.)

These assertions are largely conclusory and, as a result, entitled to no weight under the *Twombly/Iqbal* pleading standard. With respect to the first allegation, the mere fact that the Taylor had a history of substance abuse does not support the inference that the Board *improperly* relied on his disability.[4] As previously noted, a parole board is not precluded from considering an inmate's substance abuse history as long as other independent factors are weighed. *Thompson*, 295 F.3d 890, 898 n.4. As discussed above, the Board's 2012 and 2014 decisions stated several reasons, unrelated to Taylor's disability, for its decision to deny Taylor's parole.

Taylor's second contention is also deficient. Although it may be unfortunate that the prison (JTVCC) allegedly either lacked or failed to provide the recommended PTSD, substance, and mental health treatment programs during his incarceration, (D.I. 56 ¶¶ 32, 33), the fact that the Board suggested the treatment does not plausibly suggest discriminatory intent necessary to maintain an ADA claim. Taylor's lawsuit does not ask the court to examine the substance abuse or mental health treatment capacity of Delaware's prison system. It simply challenges the Board's

---

[4] While the Third Circuit observed that "Taylor's allegation that the board relied on his history of substance abuse is sufficient at the pleading stage," (D.I. 36-1 at 8-9), this statement is not dispositive on the particular issue of whether Taylor sufficiently pleaded discrimination on the basis of disability. Context matters. More particularly, the Third Circuit appeared to be addressing the Board's argument that it did not actually rely on Taylor's history of substance abuse in denying parole 2012 and 2014. The Court of Appeals recognized that the decisions, at least in part, suggest that the Board considered Taylor's past substance abuse. (D.I. 36-1 at 8-9.) However, the court ultimately declined to address whether these claims fail to state a claim on the merits and specifically left it to the District Court to address that issue. (*Id.* at 9 n.4.)

8

denial of parole based upon the claim that the Board's decision improperly relied upon the PTSD-related substance abuse from which Taylor suffered. Put simply, Taylor asks the court to second guess the Board's exercise of its discretion. The court will not and should not usurp the Board's exercise of its discretion in the absence of a showing of discriminatory intent. *See Mickens*, 321 F.3d 374, 393 ("[W]e are exceedingly reluctant to usurp the Board's functions and, except in our review capacity, substitute our own judgment for that of the parole Board."). Taylor's allegations of inadequate medical treatment tend to misdirect the relevant inquiry: whether the Board provided Taylor the benefit of a full and fair consideration of parole absent disability discrimination. Taylor has failed to allege sufficient facts to give rise to a plausible inference of discrimination under Title II of the ADA.

The court need not address the remaining arguments advanced by the Board in support of its motion. Taylor will not be given leave to amend, as any amendment would be futile.[5]

## V. CONCLUSION

For the foregoing reasons the court will grant the Defendant's motion to dismiss. (D.I. 59.)

Dated: April 26, 2017

UNITED STATES DISTRICT COURT

---

[5] The Rehabilitation Act claim is not plausible. The substantive standards for a claim under the Rehabilitation Act are in many respects identical to those governing a claim under the ADA. *See, e.g., Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) ("The Rehabilitation Act expressly makes the standards set forth in the 1990 Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., applicable to federal employers and to employers receiving federal funding.") Hence, regardless of the federal funding issue, Taylor cannot sufficiently plead the elements of Count II.